UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE MCEWAN and JOHN MCEWAN,
wife and husband,

              Plaintiffs,

v.                                    HON. _____
                                    U. S. DISTRICT COURT JUDGE
BOB EVANS RESTAURANTS, LLC,     CASE NO. _____

              Defendant.
_____/

## COMPLAINT

NOW COMES Plaintiffs, Julie McEwan and John McEwan, by and through their attorneys, Neumann Law Group, by Steve A. Lee, and do hereby complain against Defendant Bob Evans Restaurants, LLC, in a civil action, stating unto this Court as follows:

1.    Plaintiffs, Julie McEwan and John McEwan are citizens of the unincorporated community of Atlanta, County of Montmorency, State of Michigan.

2.    Defendant Bob Evans Restaurants, LLC, is a foreign limited liability company which maintains its principal place of business in Ohio and is organized under the laws of the State of Delaware.

3. Jurisdiction of this Court is founded upon diversity of citizenship of the parties and the amount in controversy, which exceeds Seventy-Five Thousand ($75,000.00) Dollars.

4. On or about April 11, 2019, Plaintiff Julie McEwan was a business invitee on the premises of Defendant's restaurant located at 1417 South Main Street, Adrian, Michigan.

5. On or about April 11, 2019, Defendant owned the premises located at 1417 South Main Street, Adrian, Michigan.

6. On or about April 11, 2019, Defendant managed the premises located at 1417 South Main Street, Adrian, Michigan.

7. On or about April 11, 2019, Defendant maintained the premises located at 1417 South Main Street, Adrian, Michigan.

8. On or about April 11, 2019, Defendant repaired the premises located at 1417 South Main Street, Adrian, Michigan.

9. As Plaintiff Julie McEwan walked into Defendant's restaurant, she tripped and fell on a raised section of the premise's entryway sidewalk which was neither open, obvious, or visible to Mrs. McEwan or other patrons.

10. After Plaintiff Julie McEwan was injured, the Defendant's Assistant Manager Franklin Washburn came out to the defective premises entryway location

and told Plaintiff Julie McEwan, "We need to get that taken care of," specifically meaning the defective entryway sidewalk of the subject premises.

11. It was the duty of Defendant to maintain safe premises and to take steps to assure that dangerous and latent conditions did not exist which posed a risk of harm and/or injury to Plaintiff Julie McEwan, as a business invitee.

12. Notwithstanding its duties as stated above, Defendant was guilty of one or more of the following negligent acts and/or omissions:

    a. Negligently and recklessly failing to maintain safe premises by allowing a raised section of sidewalk at the entryway of Defendant's restaurant posing a risk of harm and injury to Plaintiff Julie McEwan;

    b. Negligently and recklessly allowing wood chips/debris onto the defective entryway sidewalk making it even more difficult to visibly observe the defective raised sidewalk slab;

    c. Negligently and recklessly failing to place cones or other warning devices on the sidewalk to alert patrons that the sidewalk slab at the entrance to Defendant's restaurant was defective;

    d. Negligently and recklessly failing to immediately call in maintenance personnel to repair and/or replace the sidewalk entryway and/or take steps to assure that its raised slab did not pose a risk of harm and/or injury to Plaintiff Julie McEwan;

    e. Negligently and recklessly failing to maintain the premises and entryway in a safe and reasonable way;

3

  f. Negligently and recklessly failing to take reasonable steps for the prevention of injury and to warn its invitees of potential foreseeable dangers;

  g. Negligently and recklessly failing to warn Plaintiff of all reasonably foreseeable dangers;

  h. Negligently and recklessly failing to provide notice or warning to Plaintiff, who was a business invitee lawfully on the premises, of the dangerous and hazardous condition that Defendant knew, or should have known existed on the premises;

  i. Negligently and recklessly failing to inspect and maintain the premises and entryway in a reasonably safe condition so as not to create a dangerous and hazardous condition for persons who were upon the premises;

  j. Negligently and recklessly failing to warn Plaintiff of the dangerous condition that existed upon the premises when Defendant knew, or should have known, that Plaintiff had no way of knowing of the dangerous condition;

  k. Negligently and recklessly failing to hire and employ personnel or staff that would properly maintain the premises and not allow a dangerous and hazardous condition to remain on the sidewalk entryway; and

  l. Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

13. As a direct and proximate result of the negligence of Defendant as described above, Plaintiff Julie McEwan fell outside the entryway upon the premises of Defendant's restaurant and sustained a type II odontoid fracture through her second vertebra C2 in her neck, requiring surgical fusion of her cervical C1 and C2 vertebrae; daily neck pain and permanent limitations of neck

movement; headaches, facial abrasions; wrist and shoulder pain. Plaintiff Julie McEwan has been caused to expend and/or expend on her behalf large sums of money for medical and hospital care and treatment and may be required to do so in the future. Plaintiff has sustained periods of disability in the past and may likewise suffer these periods of disability in the future. Plaintiff has been caused to suffer from extreme physical pain and suffering as well as mental and emotional distress and loss of consortium and companionship with plaintiff John McEwan. Such other damages, injuries, exacerbations of pre-existing conditions and consequences that are found to be related to the accident, to the extent such damages are recoverable under Michigan law.

14. As a result of the damages to Plaintiff Julie McEwan, Plaintiff John McEwan has suffered the loss of consortium, companionship, and household services of his wife, Plaintiff Julie McEwan.

WHEREFORE, Plaintiffs Julie McEwan and John McEwan pray for damages in whatever amount above Seventy-Five Thousand ($75,000.00) Dollars to which they are found to be entitled to at the time of trial, together with interest, costs, and attorney fees; wherefore, they bring this suit.

NEUMANN LAW GROUP

Date: April 5, 2022          By: _____
                                  Steven A. Lee (P77013)
                                  Attorney for Plaintiffs
                                  300 East Front Street, Suite 445
                                  Traverse City, MI 49684
                                  (231) 221-0050 – Phone
                                  (231) 221-0051 – Facsimile
                                  steve@neumannlawgroup.com